# COURT OF APPEALS
## DECISION
## DATED AND FILED

## March 24, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal No. 2021AP182** | Cir. Ct. No. 2009FA145 |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS**<br>**DISTRICT IV** |

IN RE THE PATERNITY OF I.T.F. AND A.M.F.:

LYLE D. FISH,

    RESPONDENT-RESPONDENT,

V.

MIRANDA L. PARKER,

    RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Vernon County: DARCY JO ROOD, Judge. *Affirmed*.

Before Blanchard, P.J., Kloppenburg, and Fitzpatrick, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Miranda Parker, pro se, appeals a circuit court order addressing the custody and placement of the two minor children of Parker and respondent Lyle Fish.  Parker argues that the circuit court erred by (1) requiring that both parties agree to any change in the children's schools, (2) imposing a placement schedule that provided Fish with "makeup" placement time, and (3) requiring Parker to contribute $4,000 to Fish's attorney fees and to pay more than half of the guardian ad litem fees.  We affirm.[1]

¶2      "Child custody and placement determinations are committed to the sound discretion of the circuit court." *Valadez v. Valadez*, 2022 WI App 2, ¶12, __ Wis. 2d __, 969 N.W.2d 770 (2021).  "We will sustain discretionary acts as long as the [circuit] court examined the relevant facts, applied a proper standard of law and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Goberville v. Goberville*, 2005 WI App 58, ¶7, 280 Wis. 2d 405, 694 N.W.2d 503.  We may "look to the record, if necessary, for reasons to support the court's exercise of discretion." *Id.*  "The question is not whether we agree with the [circuit] court's decision but whether appropriate discretion was exercised." *State v. Hamm*, 146 Wis. 2d 130, 145-46, 430 N.W.2d 584 (Ct. App. 1988).

¶3      As an appellate court, we also "defer[] to the circuit court's findings of fact unless they are unsupported by the record and are, therefore, clearly erroneous." *See Royster-Clark, Inc. v. Olsen's Mill, Inc.*, 2006 WI 46, ¶11, 290 Wis. 2d 264, 714 N.W.2d 530.  "Under the clearly erroneous standard, 'even though the evidence would permit a contrary finding, findings of fact will be affirmed on

---

[1]  Parker also appears to argue that the circuit court should have imposed a predetermined holiday placement schedule rather than leaving that schedule to be determined by agreement of the parties.  This argument is not developed and, therefore, we decline to address it.  *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (explaining that we need not consider inadequately developed arguments).

appeal as long as the evidence would permit a reasonable person to make the same finding.'" *Id.*, ¶12 (quoted source omitted).

¶4 We turn first to Parker's argument that the circuit court erred by requiring that both parties agree to any change in the children's schools. Parker argues that this requirement is unreasonable and that the choice of schools should have been left solely to her because (1) she was awarded primary placement, (2) there is a strong likelihood that she will need to relocate in the future to pursue job opportunities after she finishes college, and (3) WIS. STAT. § 767.481 (2019-20) requires parents to seek court permission to relocate only when they are relocating 100 miles or more from another parent.[2]

¶5 Fish counters that the circuit court's decision on choice of schools was reasonable because (1) Parker's asserted need to move was uncertain and speculative at the time of the circuit court's order in this case, (2) Parker is free to seek relief from that court in the future if she seeks to move, and (3) Fish is entitled to share in the decision-making on choice of schools because he and Parker were awarded joint legal custody. *See* WIS. STAT. § 767.001(2)(a) and (2m) (providing that "[l]egal custody" includes the right to make "major decisions" regarding a child, including "choice of school").

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted. WISCONSIN STAT. § 767.481(1) provides, in part, as follows:

> (a) Except as provided in par. (d), if the court grants any periods of physical placement with a child to both parents and one parent intends to relocate and reside with the child 100 miles or more from the other parent, the parent who intends to relocate and reside with the child shall file a motion with the court seeking permission for the child's relocation.

¶6      We are persuaded by Fish's arguments and, on the basis of those arguments, we conclude that the circuit court reasonably required the parties to agree on any change in the children's schools. Parker does not show that the court misunderstood the relevant facts or misapplied the law in imposing this requirement. We disagree with Parker that requiring both parties to agree on the choice of schools was inconsistent with the procedure in WIS. STAT. § 767.481 for long-distance moves. That procedure remains available to Parker if it later becomes appropriate to invoke.

¶7      We turn next to Parker's argument that the circuit court erred by providing Fish with "makeup" placement time, consisting of one extra weekend of placement per month during the school year. Parker contends that the circuit court failed to explain the basis for the makeup time.

¶8      Fish contends that the circuit court reasonably awarded him the makeup placement time based on Parker's denial of periods of placement over several months. More specifically, Fish argues that the court reasonably awarded the makeup time due to Parker's unreasonable withholding of overnight placement based on unsubstantiated abuse allegations against him. Fish argues that ordering makeup time was consistent with provisions in WIS. STAT. § 767.471.[3]

¶9      We conclude that the circuit court's award of the "makeup" placement time to Fish was a reasonable exercise of its discretion to determine physical placement. We also conclude, contrary to Parker's argument, that the court adequately set forth its reasoning for the makeup time. Consistent with Fish's

---

[3] WISCONSIN STAT. § 767.471 provides a procedure by which the circuit court may order additional periods of physical placement to one parent when the other parent "intentionally and unreasonably denies" the first parent periods of physical placement. *See* § 767.471(5)(b).

argument, the record reflects that the court awarded the additional placement time to Fish based on its determination that Parker unreasonably withheld periods of placement based on unsubstantiated abuse allegations against Fish.

¶10     The circuit court found in Parker's favor that she had not intended to harm Fish's relationship with the children. The court also found, however, that the effects of Parker's conduct resulted in harm to that relationship. The court more specifically found that Parker had "so blown [the abuse allegations] out of proportion" that Parker had caused harm to the relationship. The court also found that Parker was "way overly protective of" the children and "wants to have total control" over them. The court concluded that Parker "has been unreasonable" and that the placement schedule would "give Mr. Fish some makeup time that he missed."

¶11     Parker does not show that the circuit court's factual findings were clearly erroneous. She also does not persuade us that the court misapplied the law or otherwise misused its discretion in determining the placement schedule. Her legal arguments lack merit, development, or both. For example, Parker argues that the court erred in ordering the makeup time because the makeup time was not consistent with the placement schedule that the guardian ad litem recommended. However, Parker cites no authority that requires the circuit court to adopt the guardian ad litem's recommendation, and we are not aware of any such authority.

¶12     We turn to Parker's argument that the circuit court erred by requiring her to pay $4,000 of Fish's attorney fees and to pay more than half of the guardian

5

ad litem fees.[4] Parker argues that the court omitted or minimized a number of facts in her favor when requiring her to pay the fees. Fish counters that the circuit court had a reasonable basis to require Parker to pay the fees based on the overtrial doctrine. We agree with Fish.

¶13     "The overtrial doctrine may be invoked in family law cases when one party's unreasonable approach to litigation causes the other party to incur extra and unnecessary fees." *Hottenroth v. Hetsko*, 2006 WI App 249, ¶49, 298 Wis. 2d 200, 727 N.W.2d 38. The doctrine applies not only to the parties' attorney fees but also to guardian ad litem fees. *See id.*, ¶¶52-54. "Whether excessive litigation occurred," like questions of custody and placement more generally, "is a question committed to the discretion of the circuit court." *See id.*, ¶49.

¶14     Here, the circuit court made a number of factual findings reflecting a determination that Parker had overtried the case. Those findings included all of the findings discussed above, including the court's finding that Parker had acted unreasonably with respect to the abuse allegations against Fish. Implicit in the court's findings and its allocation of the attorney fees and guardian ad litem fees was a further finding that Parker's unreasonable conduct had unnecessarily increased those fees.

¶15     In challenging the allocation of fees, Parker ignores our deferential standard of review and, in effect, asks us to reweigh the evidence. However, it is not this court's role to reconsider all of the evidence anew. "We do not reweigh the

---

[4] Rather than require Parker to pay a lump sum toward Fish's attorney fees, the court determined that Parker would compensate Fish for the fees by allowing Fish to claim both children on his tax returns for three consecutive years.

evidence or reassess the witnesses' credibility." ***Dickman v. Vollmer***, 2007 WI App 141, ¶14, 303 Wis. 2d 241, 736 N.W.2d 202.

¶16 In sum, for all of the reasons stated above, we affirm the circuit court's custody and placement order.

*By the Court*.—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.